IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) | 2:09-md-2009-SHM |
| This Document Relates to: | ) ) | |
| *Herschel Zarecor, III, et al. v. Morgan Keegan & Co., Inc.* No. 2:12-cv-02341-SHM-dkv | ) ) ) | Case No. 12-2341 |

**ORDER DENYING MOTION TO TRANSFER**

Before the Court is Plaintiffs' May 19, 2012 Motion to Transfer Case Back to Eastern District of Arkansas ("Motion"). (See ECF Nos. 16 and 17.) Pursuant to Local Rule 7.2(a)(2), a response is due within 14 days of a motion. (W.D. Tenn. Civ. R. 7.2(a)(2).) Defendant Morgan Keegan & Co., Inc. ("Morgan Keegan") has not filed a response to the Motion, and the time for responding has expired.

**I.  BACKGROUND**

Plaintiffs Herschel and Mona Zarecor, citizens of the state of Arkansas, and Herschel Zarecor III, a citizen of the state of New Jersey (collectively, "Plaintiffs"), filed suit alleging that Morgan Keegan, a Tennessee corporation, violated the

Arkansas Securities Act and the New Jersey Securities Act. (Complaint ¶ 1-3, 9.) Each Plaintiff invested in the following funds: the RMK Advantage Income Fund ("RMA"), the RMK Strategic Income Fund ("RSF"), and the RMK Multi-Sector High Income Fund ("RHY") (collectively, "the Funds"). (Id. ¶ 2.) Defendant Morgan Keegan, an investment bank and full-service brokerage firm, was Lead Underwriter for the Funds, provided accounting and administrative services for the Funds, and marketed the Funds to its customers. (Id. ¶ 12-13.)

Plaintiffs allege that the Funds "were represented to hold over 300 diversified funds," but in fact consisted of "bottom slices of structured financial products such as collateralized debt obligations." (Id. ¶ 4, 3) Plaintiffs also allege that the public filings misrepresented collateralized debt obligations as "corporate bonds" and that Morgan Keegan, through its employees on the Valuation Committee, and its representative and Fund Manager, James Kelsoe, was involved with filing inadequate disclosures. (Id. ¶ 13.) Plaintiffs' claims were originally filed in a FINRA arbitration, which was initiated in July 2009. (Id. ¶ 7.) Although a full evidentiary hearing was held and the FINRA Panel awarded $541,000 to Plaintiffs, the award was vacated by the Eastern of District of Arkansas because the arbitration panel lacked jurisdiction to hear the matter. (Complaint ¶ 7.) Plaintiffs filed this case in the Eastern

2

District of Arkansas on November 17, 2011. (Complaint.) On April 30, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") transferred the case to this Court as part of MDL No. 2009 because this case involved common questions of fact with actions previously transferred to MDL No. 2009, and the transfer would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs request this Court to transfer the case back to the Eastern District of Arkansas, contending that no further discovery is needed and the case is ready for trial.

## II. Removal under 28 USC §1407(a)

28 U.S.C. §1407 governs the transfer and remand of cases in multidistrict litigation. Section 1407(a) provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated.

28 U.S.C. §1407(a) (proviso without application here omitted). In Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, the Supreme Court held that remand of any pending case to its

3

original court was the obligation of the JPML. "Section 1407(a) unequivocally places the authority to remand a transferred case within the Panel, not the transferee judge." In re William Lee Roberts, 178 F.3d 181, 185 (3d Cir. 1999.) Although the statutory power to order a remand under §1407(a) from a transferee district court lies in the Panel and not the transferee district judge, most transferred actions are remanded at the suggestion of the transferee district court judge. See In re Multi-Piece Rim Prods. Liab. Litig., 464 F. Supp. 969, 975 (J.P.M.L. 1979) (stating that the transferee judge is in the best position to determine whether actions are susceptible to remand); In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415, 422 n.8 (J.P.M.L. 1991) ("Those parties who may seek early remand of their actions or claims are reminded of (i) Panel Rule 14(d)'s expression of the Panel's reluctance to order remand absent a suggestion of remand from the transferee judge, and (ii) the special affidavit requirement of that Rule."). A transferee judge typically recommends a remand of an action by filing a suggestion of remand with the JPML. (See Rule 10.1(b), R.P.J.P.M.L.) A motion to remand must include an affidavit reciting whether the movant has requested a suggestion of remand from the transferee judge. (See Rule 10.3(a), R.P.J.P.M.L.) Plaintiffs have not requested a suggestion of remand from this

Court, but the Court will consider whether the facts of this case merit a suggestion of remand to the JPML.

### III. Notice of Suggestion of Remand

In determining whether to issue a suggestion of remand, a transferee court is "guided by the standards for remand employed by the Panel." In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). A party seeking remand to the transferor court has the heavy burden of establishing that the remand is warranted. E.g., In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig., 851 F. Supp. 556, 562 (S.D.N.Y. 1994.); In re Data Gen. Corp. Antitrust Litig., 510 F. Supp. 1220, 1226 (J.P.M.L. 1979) ("Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion.")

The Plaintiffs argue that this case is ripe for remand because no further discovery is needed and the case is ready for trial. (Motion 1.) They contend that "[the] case has been 'tried' once already before a three person FINRA panel in 2010" and that they are "elderly retirees who desperately need to have their case go to trial to try to recover lost retirement savings so that they have money on which to live." (Id.) Although the issues in the Plaintiffs' case overlap with the issues in the MDL cases that have already concluded or are currently pending,

Plaintiffs assert that discovery is complete. Morgan Keegan has not filed a reply disputing Plaintiffs' claims that discovery is complete or that the case is ready for trial. The JPML is obligated to remand any pending case to its originating court only when the "coordinated or consolidated pretrial proceedings" have run their course. 28 U.S.C. 1407(a); Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 34-35 (1998). Because no further discovery is needed and the case is ready for trial, good cause exists to remand the Plaintiffs' case to the Eastern District of Arkansas. Because the Court lacks statutory authority to grant such a motion, it suggests to the JPML that remand is appropriate.

Plaintiffs motion to transfer the case to the Eastern District of Arkansas is DENIED.


So ordered this 28th day of February, 2013.


/s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE