```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) | 2:09-md-2009-SHM |
| This Document Relates to: | ) ) | |
| *Herschel Zarecor, III, et al. v. Morgan Keegan & Co., Inc.* No. 2:12-cv-02341-SHM-dkv | ) ) ) | Case No. 12-2341 |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant Morgan Keegan & Company, Inc.'s ("Morgan Keegan") Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion to Transfer their case to the Eastern District of Arkansas, and Notice of Suggestion of Remand to the United Stated Judicial Panel on Multidistrict Litigation ("JPML").  (Mot. for Recon., ECF No. 29.)  On May 19, 2012, Plaintiffs filed two Motions to Transfer their case to the Eastern District of Arkansas.  (ECF No. 16; ECF No. 17.)  Morgan Keegan did not file a response to Plaintiffs' Motions within the time allowed by the Western District of Tennessee Local Rules.  (See ECF No. 21.)   On February 28, 2013, the Court entered an Order Denying Plaintiffs' Motion to Transfer ("February 28

Order") because authority to transfer and remand cases in multidistrict litigation is vested in the JPML. (Feb. 28 Order, ECF No. 21.) The Court's February 28 Order also served as a Notice of Suggestion of Remand from the Court to the JPML pursuant to the rules and precedent of the JPML. (Id.) On March 8, 2013, Plaintiffs filed a Motion to Remand with the JPML. (Mot. for Remand, ECF No. 27.) Morgan Keegan apparently filed a Notice of Objection to Conditional Remand Order with the JPML but did not file it with this Court. (See ECF No. 28.) On March 14, 2013, Plaintiffs filed a Response to Morgan Keegan's Notice of Objection to Conditional Remand Order with the JPML. (Pls.' Resp. to Obj., ECF No. 28.) On March 15, 2013, Morgan Keegan filed the instant Motion for Reconsideration with the Court. (Mot. for Recon.) Plaintiffs filed a Response on March 18, 2013. (Pls.' Resp. to Recon., ECF No. 30.) Morgan Keegan filed a Reply to Plaintiffs' Response on March 25, 2013. (Def.'s Reply, ECF No. 35.)

For the following reasons, Morgan Keegan's Motion for Reconsideration is DENIED.

I.  **Background**

The background of this case is stated in the Court's February 28 Order.

II. **Standard of Review**

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Federal Rule of Civil Procedure 54(b) and of Western District of Tennessee Local Rule 7.3.[1] Rule 54(b) states that "any order or decision...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment adjudicating all the claims and all the parties' rights and liabilities." The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to hear motions for reconsideration. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). In the Sixth Circuit, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. Courts in this District rely on Local Rule 7.3 for further guidance. See, e.g., Bullwinkel v. United States DOE, No. 11-1082, 2013 U.S. Dist. LEXIS 25445, at *5-6 (W.D. Tenn. Jan. 17, 2013); Ward v. Shelby Cnty.

---

[1] Morgan Keegan's Motion does not comply with the requirements of Local Rule 7.2. It includes neither a proposed order nor a certificate of consultation with the parties. W.D. Tenn. R. 7.2(a)(1)(A)-(B). Because no rule would prevent Morgan Keegan from refiling a conforming motion, and because the Court prefers to expedite the final determination of this matter, the Court will consider the Motion.

Sheriff's Dep't, No. 10-02308, 2012 U.S. Dist. LEXIS 118359, at *4 (W.D. Tenn. Aug. 22, 2012).

Under Local Rule 7.3, "[b]efore the entry of a judgment adjudicating all of the claims . . . in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court." W.D. Tenn. R. 7.3(a). The moving party must specifically show:

> (1) A material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the  time of the interlocutory order; or
> (2) the occurrence of new material facts or a change of law occurring after the time of such order; or
> (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b); see also Reynolds v. FedEx Corp., No. 09-2692-STA-cgc, 2012 U.S. Dist. LEXIS 172751, at *14 (W.D. Tenn. Dec. 4, 2012).

"Motions to reconsider . . . are used sparingly and in rare circumstances." In re Southeastern Milk Antitrust Litig., No. 2:07-CV-208, 2011 U.S. Dist. LEXIS 95784, at *5 (E.D. Tenn. Aug. 25, 2011). Although a court can grant motions to revise its prior rulings, it "'should not do so in the vast majority of instances, especially where such motions merely restyle or reshash the initial issues.'" Id. (quoting White v. Hitachi

4

Ltd., No. 3:04-CV-20, 2008 U.S. Dist. LEXIS 25240, at *1 (E.D. Tenn. March 20, 2008)).  Local Rule 7.3(c) "specifically prohibits a party from using a Motion for Reconsideration to 'repeat any oral or written arguments made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised.'"  Reynolds, 2012 U.S. Dist. LEXIS 172751, at *15 (quoting W.D. Tenn. R. 7.3(c)).

**III. Analysis**

Morgan Keegan argues that the Court should reconsider its February 28 Order because Plaintiffs did not serve their Motions to Transfer properly.  Morgan Keegan alleges that the Motions, which were filed in the Electronic Court Filing System ("ECF"), were never physically mailed to its counsel and, therefore, that it did not have an opportunity to respond.  Morgan Keegan also raises several substantive arguments about the merits of the representations made by Plaintiffs to the Court on which the Court based its recommendation to the JPML.  (Mot. for Recon.)

The parties agree that Morgan Keegan was not physically served with Plaintiffs' Motions although the Motions were properly filed on the Court's ECF Docket.  (See Id.; Pls.' Resp. to Recon.)  Their dispute concerns which party is at fault for any failure of service and whether any failure should vacate the Court's February 28 Order.  For the reasons stated below, a

5

motion for reconsideration is not an appropriate vehicle to address this dispute.

Morgan Keegan's Motion does not comply with the requirements of Local Rule 7.3(b), and reconsideration is unwarranted. Morgan Keegan's claim is that it did not present any arguments to the Court in opposition to Plaintiffs' Motions for Remand because Plaintiffs allegedly failed to serve it properly. Morgan Keegan appears to contend that the Court's February 28 Order, which does not account for any of its factual or legal arguments because it did not present any, results in manifest injustice. Claims of clear error and manifest injustice are insufficient grounds for reconsideration in this District. See Bullwinkel, 2013 U.S. Dist. LEXIS 25445, at *6 (stating that the Rules "do[] not allow motions for reconsideration that do not fall within the three enumerated categories but are, instead, based on the need to prevent manifest injustice." (internal quotations omitted)); Biel Loanco III-A, LLC v. Labry, 862 F. Supp. 2d 766, 787 (W.D. Tenn. 2012) (stating that the requirement "to specifically show one of the three elements" of Rule 7.3(b) is "[i]n addition to the Sixth Circuit's requirements").

Local Rule 7.3 is explicit, "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection

(b) of this rule.  Motions to reconsider interlocutory orders are not otherwise permitted."  W.D. Tenn. L.R. 7.3(a) (emphasis added).  As stated above, there are only three permissible grounds for reconsideration in Rule 7.3(b), and Morgan Keegan's submission fails to "specifically show" any of them.  Id. at 7.3(b).

First, Morgan Keegan does not allege "a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the  time of the interlocutory order."  Id. at 7.3(b)(1).  Morgan Keegan did not present any factual or legal arguments directed to Plaintiffs' Motions before the entry of the February 28 Order.  More importantly, all of the substantive arguments made by Morgan Keegan in its Motion are based on law and facts that were available to it at the time of the Order, and it does not attempt to show otherwise.  (See generally Mot. for Recon.; Mot. for Recon. Exhibits; ECF No. 29-1.)  Morgan Keegan's Motion is a vehicle to state arguments in opposition to Plaintiffs' Motions to Transfer that it did not make previously because of its failure to respond.

Second, Morgan Keegan does not show "the occurrence of new material facts or a change of law occurring after the time of

7

such order." W.D. Tenn. L.R. 7.3(b)(2). It does not allege that there have been any such changes and, as stated above, relies exclusively on facts and precedent that were available to it at the time the February 28 Order was entered.

Third, Morgan Keegan does not show "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." Id. at 7.3(b)(3). Morgan Keegan did not previously present any of the facts or arguments that it seeks to have the Court consider now and does not attempt to show that the Court failed to consider any facts or arguments timely presented by the Plaintiffs.

Even if the Court were to reconsider its Order on the basis of manifest injustice alone, Morgan Keegan's claim that it was denied due process by a failure of service would not satisfy that standard. The Court denied Plaintiffs' Motions to Transfer and, regardless of the deference Morgan Keegan believes the JPML will give to the Court's Suggestion of Remand, the JPML has the authority to decide that issue. (February 28 Order.) Morgan Keegan has the right to be heard before the JPML in opposition to Plaintiffs' Motion to Remand both on Plaintiffs' alleged failure to serve and on its alleged substantive grounds. It has apparently exercised that right. (See Pls.' Resp. to Obj.)

8

There has been no denial of due process, and no manifest injustice flows from the Court's February 28 Order.

Morgan Keegan has not satisfied the requirements of a motion for reconsideration.  Its Motion is therefore DENIED.

**IV. Conclusion**

For the foregoing reasons, Morgan Keegan's Motion for Reconsideration of the Court's February 28 Order is DENIED.

So ordered this 28th day of May, 2013.

s/ Samuel H. Mays, Jr.___
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
